UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G.M., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | No. 1:26-cv-00369-TLN-EFB <br><br> **ORDER** |

This matter is before the Court on Petitioner D.G.M.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On January 15, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered Respondents to show cause why a preliminary injunction ("PI") should not issue on the same terms. (ECF No. 5.)

On January 23, 2026, Respondents filed a motion to dismiss the Petition (ECF No. 7), which the Court construes as the response to the order to show cause. In the motion, Respondents suggest that if the Court is inclined to grant a PI, judicial economy counsels the Court should go further and enter a final judgment granting the Petition for Writ of Habeas Corpus on the merits. (*Id.*) Petitioner did not file a reply. The Court therefore considers the Petition on its merits.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

1

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In his Petition for Writ of Habeas Corpus, Petitioner claims he is being unlawfully subjected to mandatory detention in violation of due process, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). (*See* ECF No. 1.) In his motion for TRO, Petitioner asserted he was likely to succeed on the merits of his due process claim and the Court agreed. (ECF No. 2 at 12–20; ECF No. 5 at 3–8.)

In the motion to dismiss, Respondents oppose Petitioner's claims on the ground that Petitioner is an "applicant for admission" who is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) and for the reasons set forth in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025). (ECF No. 7 at 2–3.) The Court finds this argument unavailing. As this Court has found repeatedly, noncitizens like Petitioner who have already entered the United States at the time ICE detains them are not "applicants for admission" subject to 8 U.S.C. § 1225(b)(2). *See e.g.*, *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (estimating over 350 cases ruled DHS's July policy improper across 160 different judges sitting in about 50 different courts nationwide). Instead, for the reasons set forth in this Court's prior orders and the prior TRO, Petitioner has established he has a clear liberty interest in his continued release. *See, e.g.*, *Morales-Flores*, 2025 WL 3552841, at *2; (ECF No. 5).

///

Moreover, applying the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and again for the reasons identified in the Court's prior Order, the Court finds Petitioner has a substantial private interest in remaining free from detention, the risk of erroneous deprivation is considerable, Respondents' interest in detention is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  (*See* ECF No. 5 at 3–8.) To reiterate, the Court finds Petitioner was entitled to a pre-deprivation notice and a hearing to determine whether detention was warranted pursuant to his due process rights.  (*Id.*)  As Respondents did not provide either, the Court finds Respondents violated Petitioner's due process rights.

Having found that Respondents have violated Petitioner's constitutional rights, the Court GRANTS the Petition for Writ of Habeas Corpus (ECF No. 1) and DENIES Respondents' Motion to Dismiss (ECF No. 7).  Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.  The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: January 29, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE